U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

POLLY MORLOCK,

       Plaintiff,                     Case No:   1:17-CV-22184

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

       Defendant.
_____

JUAN A. FERNANDEZ-BARQUIN, P.A.
(FL. BAR NO. 055811)
3663 SW 8th Street Suite 200
Miami, Florida 33135
Phone: (305) 446-4555
Fax: (305)446-4498
E-mail: juan@jafblaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **POLLY MORLOCK**, by and through undersigned counsel, hereby files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

### JURISDICTION, VENUE, AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interests and costs.

2.     This court has jurisdiction based on diversity of the parties pursuant to 28 USC §1332.

3.     Venue in the United States District Court for the Southern District of Florida is

appropriate pursuant to the forum selection clause contained in the ticket contract between Plaintiff and Defendant.

4. At all times material, Plaintiff Polly Morlock, was and is a citizen and resident of and domiciled in the State of Michigan, and at all times material was a passenger on board Defendant's vessel "Carnival Ecstasy" (hereinafter "Ecstasy").

5. Defendant Carnival Corporation is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida, and does business under the fictitious name of "Carnival Cruise Lines".

6. Upon information and belief, at all times material, Defendant Carnival Corporation, personally or through an agent:

   a. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   b. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   c. Committed one or more of the acts stated in Florida Statutes §48.081, 48.181, or 48.193.

   d. Operated vessels and provided for cruises in the waters of this State.

7. All conditions precedent to the institution have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's ticket contract.

## COUNT I - NEGLIGENCE

8. On or about November 3, 2016, Defendant owned and operated the passenger cruise ship known as the "Carnival Ecstasy".

9. At such time and place, Plaintiff Polly Morlock was lawfully and legally aboard the

aforementioned vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

10. On November 3, 2016, while on board the "Ecstasy", which was operating in navigable waters, Plaintiff was seriously injured on a water slide when another passenger collided with Plaintiff, causing a myofascial concussion including contusions of the head and neck.

11. At all times material hereto Defendant, Carnival Corporation, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

12. Defendant, Carnival Corporation, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

   a. Failing to exercise reasonable care for the safety of its passengers and in doing so creating a dangerous condition on the aforementioned water slide on the "Ecstasy";

   b. Failing to provide adequately trained individuals at the slide to monitor and regulate its activity;

   c. Failing to ensure that there was adequate water pressure that was sufficient to allow passengers to safely complete the length of the water slide;

   d. Failing to follow its own written safety procedures, protocols, rules, and policies designed to protect its passengers, by allowing untrained or improperly trained individuals oversee the use of the aforementioned water slide;

   e. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this and other vessels in its fleet and this class in the subject;

   f. Failing to train crew members in the assessment, inspection, and discovery of dangerous conditions that can arise on a water slide when said equipment is improperly operated;

   g. Failing to comply with its own internal policies and procedures established by the International Safety Management Code ("ISM"), Safety and Quality Management System ("SQMS"), and other internal operation procedures required by the ISM Code, Safety of Life at Sea ("SOLAS"), and all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 *et. Seq.*, 46 USC §3201 *et. seq.* and all Rules and Regulations, including, but not limited to all

relevant standards Navigation and Vessel Inspection Circulars ("NVIC") for the United States Coast Guard and International Maritime Organization.

13. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

14. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

15. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

16. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE,** Plaintiff respectfully requests that this Court find in her favor and grant judgment, interest, and costs against Defendant, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Juan A. Fernandez-Barquin*
JUAN A. FERNANDEZ-BARQUIN, P.A.
(FL. BAR NO. 055811)
3663 SW 8th Street Suite 200
Miami, Florida 33135
Phone: (305) 446-4555
Fax: (305)446-4498
E-mail: juan@jafblaw.com

Date:   June 9, 2017

**JURY REQUEST**

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

>Respectfully submitted,
>
>*/s/ Juan A. Fernandez-Barquin*
>JUAN A. FERNANDEZ-BARQUIN, P.A.
>(FL. BAR NO. 055811)
>3663 SW 8th Street Suite 200
>Miami, Florida 33135
>Phone: (305) 446-4555
>Fax: (305)446-4498
>E-mail: juan@jafblaw.com

Date:   June 9, 2017